**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————

**GERARD PIERRE,**

                              **Appellant,**          **19cv11207 (JGK)**

          **- against -**                             ORDER

**AURORA COMMERCIAL CORP.,**

                              **Appellee.**
———————————————————————

**JOHN G. KOELTL, District Judge:**

    The appellee submitted a complete copy of the appellant's

brief that had been served. The copy is attached for the record.

The appellant need not file another copy.

**SO ORDERED.**
**Dated:    New York, New York**
          **May 13, 2020**          __      /s/ John G. Koeltl      __
                                         **John G. Koeltl**
                                **United States District Judge**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GERARD M. PIERRE,                )
                             )
    Appellant,   )
                             )
                             )
    -against-    )
                             )   Appeal No. 19 civ 11207 (JGK)
                             )
AURORA COMMERCIAL CORP., *et al.,*  )
                             )
    Appellee(s)  )
                             )
                             )

JUDGE: HON. JOHN G. KOELTL, DISTRICT JUDGE

---

## ON APPEAL FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
JUDGE: HON. SHELLEY C. CHAPMAN
Case No. 19-10843 (SCC)

---

## OPENING BRIEF OF APPELLANT

Gerard M. Pierre (*pro se*)
200 Rampart Way #366
Denver, CO 80230
Telephone: (303) 838-8681
Email: gerardpierre703@gmail.com

## PREFACE

In this brief Appellant GERARD M. PIERRE will be referred to as ("Mr. Pierre," the "Appellant" or the "Claimant"). AURORA LOAN SERVICES, LLC will be referred to as ("ALS," the "Appellee(s)" or the "Debtors"), and AURORA COMMERCIAL CORP. as ("ACC," the "Appellee(s)" or the "Debtors"). The following symbols will be used:

(ROA) - Record on Appeal

(A) - Appendix

## JURISDICTIONAL STATEMENT

Mr. Pierre appeals from the United States Bankruptcy Court for the Southern District of New York, (the "Bankruptcy Court"). The final judgement: the "Order Sustaining Debtors' Objection to Proof Of Claim No. 26 filed by Gerard Pierre." The order was entered on November 14, 2019 by Judge: Honorable (Shelly C. Chapman). The order disposes, disallows and expunges Mr. Pierre's claim in its entirety. See ROA *Order Sustaining Debtors' Objection to Proof of Claim No. 26 Filed by Gerard Pierre, signed on 11/13/2019* (the "Order") [Docket No. 241].

The Bankruptcy Court had jurisdiction of the bankruptcy case(s) docketed as Aurora Commercial Corp. ("ACC") Case No. 19-10843 (SCC), and Aurora Loan Services, LLC ("ALS") Case No. 19-10844 (SCC) (Jointly Administered) pursuant to 28 U.S.C. §§ 157 and 1334. And the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

This Court has original and exclusive jurisdiction over the appeal from the Bankruptcy Court's final judgement under 28 U.S.C. §1334(a).

Venue of the bankruptcy cases and the Debtor's Claim Objection to Claimant's Claim No. 26 in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The United States District Court for the Southern District of New York (the "District Court") has federal question jurisdiction over Mr. Pierre's alleged due process violation claim(s) pursuant to the Fifth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983.

Mr. Pierre filed a timely Notice of Appeal and Motion to Extend Time to File Notice of Appeal on December 4, 2019.

On December 12, 2019 Prime Clerk the claims and noticing agent for the Debtors ("ALS") and ("ACC") in the chapter 11 cases entered into the record the "AFFIDAVIT OF SERVICE of the Order Sustaining Debtors' Objection to Proof of Claim Number 26 Filed by Gerard Pierre." See ROA *Affidavit of Service dated December 12, 2019* [Docket No. 274].

## STATEMENT OF ISSUES

A.  **Statutes of Limitations and Doctrine of Laches.**

1.  Whether the bankruptcy court (sdny) erred when it incorrectly found and determined upon the record of the Hearing that Mr. Pierre's claim is time barred under §§ 13-80-101 and -102 (C.R.S. 2018) and any applicable statutes of limitations and lashes defenses as a matter of fact and law?

2.  Whether the bankruptcy court (sdny) abused its discretion when it incorrectly found and determined upon the record of the Hearing that Mr. Pierre's claim is time barred under §§ 13-80-101 and -102 (C.R.S. 2018), and lashes defenses even after Mr. Pierre attempted to argue during the Hearing that the discovery rule and the doctrine of equitable tolling suspends any applicable statutes of limitations and laches defenses as a matter of fact and law?

B.  **Automatic Stay Violation Claim and Due Process Claims.**

3.  Whether the bankruptcy court (sdny) abused its discretion when it incorrectly found and determined upon the record of the Hearing that "ALS" did not violate the automatic stay under 11 U.S.C. § 362(k) of the Bankruptcy Code in Mr. Pierre's Chapter 7 bankruptcy case,

because "ALS" gave notice, made an "offer of proof" and Mr. Pierre's "failed to appear" for a hearing in the Colorado bankruptcy court?

4.      Whether the bankruptcy court (sdny) abused its discretion when it incorrectly found and determined upon the record of the Hearing that the Colorado bankruptcy court clearly considered the merits of Mr. Pierre's timely filed response to "ALS's" motion for stay relief in Mr. Pierre's Chapter 7 bankruptcy case, and "ALS" did not violate the automatic the stay under 11

U.S.C. § 362(k) when such finding is not supported by the record facts?

5.      Whether the bankruptcy court (sdny) abused its discretion when it incorrectly found and determined upon the record of the Hearing that "ALS's" notice, "offer of proof" and Mr. Pierre's "failure to appear" did not violate the automatic the stay under 11 U.S.C. § 362(k), and Mr. Pierre's due process rights under § 1983 when such finding are not supported by the record facts?

## STANDARD OF REVIEW

Issue 1 challenges the bankruptcy court's factual findings. Which should be reversed. The standard of review is de novo for legal questions and for clear error. See *Melnor, Inc. v. Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009).

Issue 2 challenges the bankruptcy (sndy) court's discretionary decision for laches, and should be reversed. See *Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 435, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (quoting *Gardner v. Panama R.R. Co.,* 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31 (1951) (per curiam)). Issue 2 further challenges the bankruptcy (sndy) court's discretionary decision for equitable tolling. And should be reversed. See *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

Issues 3 and 4, and 5. The standard of review for a violation of the automatic stay is reviewed for an abuse of discretion. See *Diviney*, 225 B.R. at 769. The bankruptcy (sndy) court's

discretionary decision should be reversed. The standard of review for due process and equal protection under the Fifth or Fourteenth Amendment is de novo.  Standard of review for section 1983 due process actions, state law determines the appropriate statute of limitations and accompanying tolling provisions. See *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

## STATEMENT OF THE CASE

### A.    The Nature of the Case

This is an appeal of the Bankruptcy Court's Order Sustaining Debtors' Objection To Proof of Claim No. 26 filed by Gerard Pierre. See ROA *Order Sustaining Debtors' Objection to Proof of Claim No. 26 Filed by Gerard Pierre, signed on 11/13/2019* (the "Order") [Docket No. 241].

The Disputed Claim arises from an alleged illegal foreclosure of residential real property located at 10176 Park Meadows Drive #2405 in Lone Tree, Colorado (the "Property"). Mr. Pierre owned the Property prior to the foreclosure, sale and purchase of the Property by "ALS" on September 16, 2009. The subsequent sale and purchase was initiated by foreclosure attorney Toni M.N. Dale who acted on behalf of "ALS" in the foreclosure process. Dale who at all relevant times was a managing partner of the now defunct law firm Dale & Decker LLC. See ROA Darnell Decl. Ex 1, *Public Trustee's Certificate of Purchase (Sept. 16, 2009)* [Docket No. 128].

### B.    The Course of Proceedings and Disposition

### 1.    Mr. Pierre's Chapter 7 Bankruptcy.

On February 3, 2009, Mr. Pierre filed for chapter 7 bankruptcy protection in the United Stated Bankruptcy Court in the District of Colorado, Case No. 09-11527-HRT, the case was subsequently discharged on June 5, 2009. See ROA Darnell Decl. ¶ 7 [Docket No. 128].

**2.      Mr. Pierre's Federal Court Law Suits Against "ALS."**

On June 4, 2014, the Mr. Pierre filed a complaint in the U.S. District Court for the District of Colorado, Case No. 1:14-cv-1572 (the "Colorado Action") against "ALS" and others. See ROA Darnell Decl. Ex. 2, [Docket No. 128]. *Complaint, Gerard Pierre v. Aurora Loan Services, et al, Case No. 14-cv-01572 (BNB) (D. Colo. June 4, 2014).*

On September 8, 2014, the District Court entered an order *sua sponte* dismissing the action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See ROA Darnell Decl. Ex.7, [Docket No. 128]. *Order of Dismissal Gerard Pierre v. Aurora Loan Services, et al, Case No. 14-cv-01572 (BNB) (D.Colo. Sept. 8, 2014).*

Mr. Pierre appealed the District Court's order to the Tenth Circuit Court of Appeals. The Appeals Court affirmed the District Court's dismissal on January 16, 2015. See ROA Darnell Decl. Ex.8, [Docket No. 128]. *Order and Judgement*, Case No. 14-1375, *Gerard Pierre v. Aurora Loan Services, et al, (10th Cir. Jan. 16, 2015).*

On March 2, 2015, Mr. Pierre took further action and filed a Petition for Rehearing or Rehearing En Banc. The Tenth Circuit entered an Order denying Claimant's petition for rehearing (10th Cir. Mar. 24, 2015). See ROA Darnell Decl. Ex. 9, [Docket No. 128] *Petition for Rehearing or Rehearing En Banc, Case No. 14-1375, Gerard v. Aurora Loan Services, et al, (10th Cir. March 2, 2015).* See ROA Darnell Decl. Ex. 10, [Docket No. 128] *Order, Case No. 14-1375, Gerard Pierre v. Aurora Loan Services, et al, (10th Cir.March 24, 2015).*

**3.      Mr. Pierre's State Court Actions Against "ALS".**

Mr. Pierre intended to bring additional actions against "ALS" but had difficulty effecting service of process on at their headquarters in Littleton Colorado. Because of that difficulty, Mr. Pierre filed a Motion to Intervene as Plaintiff and Motion for Joinder of Additional Claims and Additional Defendants in a pending case in District Court, Denver County, Colorado. See *Allonhill, LLC v. Aurora Bank FSB et al.* Case No. 2012CV6381.

5

Both Allonhill, and "ALS" were named parties in Mr. Pierre's initial complaint he filed in the United States District Court for the District of Colorado Case No. 1:14-cv-1572 (the "Colorado Action), and in Mr. Pierre's Motion to Intervene as Plaintiff and Motion for Joinder of Additional Claims and Additional Defendants in the above case.

Mr. Pierre's Motion to Intervene under C.R.C.P. 24 was filed while the case was on appeal with the Colorado Court of Appeals. Consequently, Denver District Court was divested of jurisdiction to consider the motion until the completion of the appeal. On September 20, 2017 the Court denied the request to intervene. As noted below, Judge Edward David Bronfin:

Jurisdictionally, the case has been remanded by the Court of Appeals "solely" for an issue relating to damages. With the limited remand, intervention would be inappropriate. 2. The issue of any rights or eligibility that Mr. Pierre may have under Consent Decree in no way involves any of the issues in this case. The disposition of this case, and the claims and counterclaims between Allonhill and Aurora, cannot have any impact on Mr. Pierre's rights and will not impair or impede any claims he may have against either party in the case. There is no right to intervention under C.R.C.P. 24(a). 3. Given that this case has been tried and is back at the trial court level on a limited issue, intervention would unduly delay and prejudice the rights of the parties to this case. The joinder of additional claims or parties would have the same effect. The Court therefore denies permissive intervention under C.R.C.P. 24(b).

4.  **Mr. Pierre's Required Notice of Complaint under C.R.S. § 24-10-109 as precursor to § 1983 due process claim.**

On February 3, 2016 Mr. Pierre sent via certified mail a Notice of Complaint to the Office of the Attorney General, Colorado pursuant to Colorado Revised Statutes C.R.S. § 24-10-109. The Complaint was against "ALS" and foreclosure attorney Toni M.N. Dale for willful violation of the automatic stay, deprivation of procedural due process under 11 U.S.C. § 524 of the United States Bankruptcy Code. Mr. Pierre further complained of procedural due process violations under 42 U.S.C. § 1983.

Mr. Pierre submitted the notice of complaint because constitutional requirements of due process apply to prejudgment attachment procedures whenever state officials (i.e. Public Trustee, Douglas County) act jointly with a private creditor "ALS" in securing a property in dispute. Mr. Pierre never received a response for the Attorney General, Colorado. See

*Exhibit A* attached to this Brief.

      **5.**      **"ALS 's" and "ACC's" Chapter 11 Bankruptcy Action.**

      On March 24, 2019 "ALS" and "ACC" each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, (the "Bankruptcy Court") Case No. 19-10843 (SCC), and Case No. 19-10844 (Jointly Administered). The Bankruptcy Court established June 10, 2019 (the "General Claims Bar Date) for filing proofs of claim against the Debtors' estates.

      **6.**      **Mr. Pierre's Timely Proof of Claim against "ALS" and "ACC".**

      On July 9, 2019 Mr. Pierre (the "Claimant) executed and timely filed a prepetition Proof of Claim (the "Claim") against the Debtors "ALS" and "ACC" for personal injury in the amount of $228,312.51. The claim amount is relief for the alleged illegal foreclosure, sale and purchase price of the located at located at 10176 Park Meadows Drive #2405 in Lone Tree, Colorado (the "Property"). as documented in (the "Public Trustee's Certificate of Purchase- PT#2009-0062") See ROA Darnell Decl. Ex 1, [Docket No. 128] *Public Trustee's Certificate of Purchase (Sept. 16, 2009).*

      **7.**      **Mr. Pierre's Timely Filed Amendment to Proof of Claim No. 26 Filed by Gerard on June 9, 2019.**

      See *Amendment to Proof of Claim No. 26 Filed by Gerard on June 9, 2019 and dated October 13, 2019.* Annexed and attached to this brief as **Exhibit B**.

      **8.**      **Mr. Pierre's Hearing to Consider Debtors' Objection to Proof of Claim No. 26**      **Filed by Gerard on June 9, 2019.**

      A hearing (the "Hearing") to consider the Debtors' Objection to Claim No. 26 filed by Gerard Pierre (the "Objection"), was held in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on October 23, 2019 at 11:00 a.m. (prevailing Eastern Time) before the Honorable Shelley C. Chapman, United States Bankruptcy

Judge, in her Courtroom at the Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004. Mr. Pierre appeared telephonically.

On November 13, 2019 the Bankruptcy Judge: Hon. Shelly C. Chapman signed the Order Sustaining Debtors' Objection to Proof of Claim No. 26 filed by Gerard Pierre. The Order was signed by Judge Chapman on November 13, 2019, and entered into the record on November 14, 2019. See ROA *Order Sustaining Debtors' Objection to Proof of Claim No. 26 Filed by Gerard Pierre, signed on 11/13/2019* (the "Order") [Docket No. 241].

Mr. Pierre has not reviewed the transcript of the hearing because Transcript access will be restricted through 1/22/2020.See ROA *Transcript regarding Hearing Held on 10/23/2019 at 11:05 am RE: Status Conference; Doc# 128 Debtors' Objection to Proof of Claim No. 26 Filed by Gerard Pierre* (the "Hearing") [Docket No. 227].

On December 12, 2019, Prime Clerk, the claims and noticing agent for the Debtors in the chapter 11 cases entered into the record an AFFIDAVIT OF SERVICE of the Order Sustaining Debtors' Objection to Proof of Claim No. 26 Filed by Gerard Pierre.

**9.      Notice of Appeal and Motion to Extend Time to File Notice of Appeal.**

On December 4, 2019. Mr. Pierre filed a timely Notice of Appeal and Motion to Extend Time to File Notice of Appeal.

## STATEMENT OF THE FACTS

Aurora Loan Services "ALS" is a subsidiary of Lehman Brothers Holdings, Inc. ("LBHI") was a mortgage company headquartered in Littleton, Colorado. "ALS" worked with correspondent lenders, which made mortgage loans to homebuyers. During 2004-2008 ALS arranged for the sale of these loans to its parent company, Lehman Brothers Bank. Lehman Brothers Bank sold these loans to its parent, LBHI, a major investment bank. LBHI used the loans to create residential mortgage-backed securities and sold those securities to investors. On September 15, 2008 Lehman Brothers filed for Chapter 11 bankruptcy protection, the largest

bankruptcy filing in U.S. history.

On or about November 23, 2005, Mr. Pierre signed a note for $209,400 (the "Note") and a deed of trust (the "Deed of Trust") in favor of Universal Lending Corporation for the Property. The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary (as nominee for the Lender and Lender's successors and assigns) and was recorded on January 30, 2006, in the official records of Douglas County as document 2006008173. See ROA Darnell Decl. ¶ 4. [Docket 128].

In in summer of 2008 during the financial crisis and great recession Mr. Pierre was laid of from his job after nearly 10 years, and fell behind on his mortgage and defaulted on his obligations under the Note.

On February 3, 2009, the Claimant filed for chapter 7 bankruptcy protection in the United Stated Bankruptcy Court in the District of Colorado, Case No. 09-11527-HRT, and was subsequently discharged on June 5, 2009. See ROA Darnell Decl. ¶ 7.

Debtor "ALS" foreclosed on the Property in September 2009. See ROA Darnell Decl. Ex. 1, [Docket 128] *Public Trustee's Certificate of Purchase (Sept. 16, 2009)*.

Between April and June of 2013 Mr. Pierre first discovered potential wrong doing from his mortgage servicer ("ALS") when he received a notice in the mail "IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED". The notice was from federal banking regulators the Comptroller of the Currency Board of Governors of the Federal Reserve System.

In April 2011, federal banking regulators issued enforcement orders against "ALS" and others for deficient mortgage servicing and foreclosure practices. The notice dated April 26, 2013 included a check in the amount of $300. Regulators incorrectly determined Mr. Pierre's payment amount based on the stage of his foreclosure process. Mr. Pierre filed for Chapter 7 bankruptcy when "ALS" foreclosed on his home in 2009. Mr. Pierre should have been compensated $62, 500.00 under error category " Servicer initiated or completed foreclosure on

borrower who was protected by federal bankruptcy law" according to the Comptroller of the Currency's Financial Remediation Framework.

Two years later on July 31, 2013 Mr. Pierre came across an article published in a local newspaper The Denver Post. The article is titled "Denver Foreclosure Lawyer Faces Federal Sanctions." This court can take judicial notice of the article.

Mr. Pierre began reading the article and quickly realized the lawyer facing sanctions is Toni M.N. Dale of the foreclosure law firm Dale & Decker, LLC. The article was very interesting to Mr. Pierre because Toni M.N. Dale was the same attorney that initiated foreclosure actions against Mr. Pierre's home. Mr. Pierre remembered because he responded to a Verified Motion for Relief From Stay filed in Mr. Pierre's Chapter 7 bankruptcy case by Dale. Mr. Pierre has copied and pasted the article below because he believes the article will help the Court better understand his case. Below is the article:

## Denver foreclosure lawyer faces federal sanctions

By DAVID MIGOYA | dmigoya@denverpost.com | The Denver Post

July 31, 2013 at 1:05 pm

> A foreclosure lawyer whose firm is under state investigation for alleged bill-padding also faces federal discipline for misrepresenting documents she used to take someone's Colorado Springs home.
>
> Attorney Toni M.N. Dale of Medved Dale Decker & Deere in Lakewood was referred for discipline last month by a federal judge for wrongly certifying that copies of a bank's promiss ory note required for any foreclosure in Colorado were "true and correct" when, in fact, she had never seen the originals at all.
>
> Additionally, U.S. Bankruptcy Court Judge A. Bruce Campbell said in a written order that not only was Dale's certification in 2011 to the El Paso County public trustee the overseer of foreclosures in that county untrue, but so was her verification to the bankruptcy court about the same records.
>
> Campbell on June 25 reported Dale to the federal court's committee on conduct, a body of 12 attorneys that investigates allegations of lawyer misconduct.
>
> At issue are differing copies of a loan Anthony Semadeni signed with First Magnus Financial in 2007, specifically the endorsement page where a lender transfers ownership with a signature.

10

The copies show different or missing signatures, and two key signatures purportedly by the same bank official are markedly dissimilar.

Dale filed a foreclosure case in 2011 against Semadeni on behalf of Aurora Loan Services, which claimed to be the new holder of the note, and provided a copy of the document without the endorsement page proving ownership along with a certification that it was a "true and correct" copy of the original.

Semadeni filed for bankruptcy protection later that year, essentially freezing the foreclosure process. As is allowed, Dale formally requested that the stay be lifted, filing a copy that she verified was Semadeni's note this time with the endorsement page showing a pair of stamps and signatures transferring ownership, first from First Magnus to Lehman Brothers Bank, then from Lehman to Aurora.

A bankruptcy judge granted Dale's request and lifted the stay, and Semadeni's house sold at the trustee's public auction in August 2011 to Aurora Loan Services for $620,000, records show. Semadeni abandoned his bankruptcy case.

ALS began eviction proceedings on Semadeni in September 2011 in state court. In that proceeding, a different lawyer representing ALS filed copies of Semadeni's note, this time with an endorsement page showing only a single stamp and signature.

Semadeni filed for bankruptcy again, hoping the automatic stay would help explain the mess. The ALS lawyer, Jamie Siler, filed the same note.

"Isn't that an admission that it was a dummy note that was submitted to the court (in Semadeni's first bankruptcy)?" Campbell asked Siler in a hearing, referring to the document Dale had used.

Though Semadeni was eventually evicted last November, he filed a federal lawsuit challenging the validity of the lien.

It is through that case that Campbell asked Dale to give reason why she shouldn't be held in contempt and sanctioned for allegedly misrepresenting the validity of the documents she used to foreclose.

More than two years later, Dale says she can't unravel the discrepancy.

After reading the article, Mr. Pierre realized the obvious similarities in comparison to his foreclosure and the Semadeni foreclosure referenced in the above article.

Mr. Pierre began to conduct due diligence, and to further gather facts for a potential illegal foreclosure action against "ALS" because he sincerely believes he was wronged by "ALS." Because he could not afford an attorney he decided represent himself pro se.

In Colorado the statute of limitations for fraud is three years, and the statute of limitations for tort injuries is two years. See §§ 13-80-101 and -102 (C.R.S. 2018).

On June 4, 2014 just 11 months after discovering the Denver Post article Mr. Pierre commenced his first action against "ALS" in the United States District Court for the District of Colorado, Case No. 1:14-cv-1572. Mr. Pierre's 2014 action was well within the statutory limits under claims for fraud and torts in Colorado. See ROA Darnell Decl. Ex. 2, [Docket No. 128].

*Complaint, Gerard Pierre v. Aurora Loan Services, et al, Case No. 14-cv-01572 (BNB) (D. Colo. June 4, 2014).*

Consequently, after a series of procedural deficiencies with his pleadings, the Colorado District Court dismissed Mr. Pierre initial complaint against "ALS" without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedures. See ROA Darnell Decl. Ex.7, [Docket No. 128]. *Order of Dismissal Gerard Pierre v. Aurora Loan Services, et al, Case No. 14-cv-01572 (BNB) (D.Colo. Sept. 8, 2014).*

Mr. Pierre did not give up so easily. On January 16, 2015 he appealed the dismissal to the 10th Circuit Court of Appeals. The Court affirmed the lower court's decision. See ROA Darnell Decl. Ex.8, [Docket No. 128]. *Order and Judgement, Case No. 14-1375, Gerard Pierre v. Aurora Loan Services, et al, (10th Cir. Jan. 16, 2015).*

Mr. Pierre persisted and petitioned to the 10th Circuit for en banc review. On March 24, 2105 the 10th Circuit entered an order denying Mr. Pierre's petition. See ROA Darnell Decl. Ex. 10, [Docket No. 128]. *Order, Case No. 14-1375, Gerard Pierre v. Aurora Loan Services, et al, (10th Cir. March 24, 2015).*

Mr. Pierre did not stop there. On July 1, 2016 he filed a Motion to Intervene as Plaintiff and Motion for Joinder of Additional Claims and Additional Defendants under C.R.C.P. 24 in a pending encase: *Allonhill, LLC v. Aurora Bank FSB et al.* Case No. 2012CV6381 in the District Court, Denver, Colorado. The motion was denied.

## SUMMARY OF ARGUMENT

The Fifth Amendment protect against deprivation of `life, liberty or property, without due process of law.' A claim against the bankruptcy estate constitutes property within the meaning of the Amendment and cannot be forfeited through proceedings lacking in due process.

Mr. Pierre's pre-petition claim is not time barred by any applicable statute of limitations and laches defenses. Mr. Pierre argues he has met his burden of proof in showing no delay or lack of diligence in pursuing actions against ALS. Mr. Pierre argues he has further proven a bases to toll the accrual date based on the "discovery rule" and the doctrine of equitable tolling is appropriate to his claim as a matter of procedure and law. Mr. Pierre argues ALS in not prejudiced by any applicable statute of limitations and laches defenses, because ALS is the custodian of mortgage records related to Mr. Pierre's alleged illegal foreclosure.

Mr. Pierre further argues the bankruptcy court (sdny) abused its discretion when it incorrectly found and determined upon the record of the Hearing that "ALS" did not violate the automatic stay under 11 U.S.C. § 362(k) of the Bankruptcy Code in Mr. Pierre's Chapter 7 Colorado bankruptcy case. ALS did not follow the proper procedures in obtaining the Relief Order in the Colorado bankruptcy court. Mr. Pierre argues that based on the record facts, "ALS" was deficient in many aspects in regards to the contents of its Motion for Relief from Automatic Stay. Therefore, (1) the Colorado bankruptcy court's order ("Lift Order") granting "ALS's" Motion for Relief from Automatic Stay should be voided for errors and violations of Mr. Pierre's due process rights under 42. U.S.C. 1983; and (2) because the Colorado bankruptcy court's Lift Order is void, and so also is the Colorado bankruptcy court's Order granting relief void because it violates the automatic stay in Mr. Pierre's bankruptcy case.

## ARGUMENT

## I.  THE BANKRUPTCY COURT (SDNY) ERRED BY SUSTAINING THE DEBTORS' OBJECTION TO MR. PIERRE'S CLAIM NO. 26. BECAUSE APPLICABLE STATUTE OF LIMITATIONS AND LACHES DEFENSES

13

**ASSERTED BY "ALS" DO NOT TIME BAR HIS CLAIM AS A MATTER OF FACT AND LAW.**

A.      The bankruptcy court (sdny) incorrectly found and determined that Mr. Pierre's Claim is time barred by any applicable statutes of limitations and laches defenses. In this case "ALS" asserts the claim is time barred under §§ 13-80-101 and -102 (C.R.S. 2018). Mr. Pierre argues his claim is not time barred because during the hearing Mr. Pierre invoked that the doctrine of equitable tolling applies to his claim. Now, Mr. Pierre bears the burden to show that the limitations period should be equitably tolled. See *Escobar v. Reid*, 668 F.Supp.2d 1260, 1287 D.Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to Plaintiff to . . . show that there is a basis to toll the accrual date").

Based on the record facts Mr. Pierre argues that the discovery rule applies to his claim. The "discovery rule," which delays accrual of a claim until the plaintiff knew or should have known the facts necessary to establish her cause of action... See Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir.2004) ..."[t]he causes of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391, 127 S.Ct. 1091 (internal quotation marks omitted).

Mr. Pierre has documented two separate occasions when he discovered potential wrong doing against "ALS" related to mortgage servicing. First, when he received a notice dated April 26, 2013 "IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED". The notice was from federal banking regulators the Comptroller of the Currency Board of Governors of the Federal Reserve System. And on another occasion when he came across an article published in a local newspaper "The Denver Post." The article is titled "Denver Foreclosure Lawyer Faces Federal Sanctions." The court can take judicial notice of both of these documents.

The bankruptcy court (sdny) further incorrectly determined and found that Mr. Pierre's claim is further time barred because he slept on his rights and failed to take diligent action

against "ALS" once he discoverd the injury. This is not so. In fact, on June 4, 2014 well within

the two statutory limits under Colorado law §§ 13-80-101 and -102 (C.R.S. 2018). Mr. Pierre

commenced his initial action against "ALS" in the United States District Court for the District of

Colorado, Case No. 1:14-cv-1572. See ROA Darnell Decl. Ex. 2, [Docket No. 128]. *Complaint,*

*Gerard Pierre v. Aurora Loan Services, et al, Case No. 14-cv-01572 (BNB) (D. Colo. June 4,*

*2014).*

On January 16, 2015 he appealed the dismissal to the 10th Circuit Court of Appeals. The

Court affirmed the lower court's decision. See ROA Darnell Decl. Ex.8, [Docket No. 128].

*Order and Judgement, Case No. 14-1375, Gerard Pierre v. Aurora Loan Services, et al, (10th*

*Cir. Jan. 16, 2015).*

On March 2, 2015, Mr. Pierre took further action and filed a Petition for Rehearing or

Rehearing En Banc. The Tenth Circuit entered an Order denying Claimant's petition for

rehearing (10th Cir. Mar. 24, 2015). See ROA Darnell Decl. Ex. 9, [Docket No. 128]. *Petition*

*for Rehearing or Rehearing En Banc, Case No. 14-1375, Gerard v. Aurora Loan Services, et al,*

*(10th Cir. March 2, 2015).* See ROA Darnell Decl. Ex. 10, [Docket No. 128].*Order, Case No.*

*4-1375, Gerard Pierre v. Aurora Loan Services, et al, (10th Cir. March 24, 2015).*

On July 1, 2016 he filed a Motion to Intervene as Plaintiff and Motion for Joinder of

Additional Claims and Additional Defendants under C.R.C.P. 24 in a pending encase: *Allonhill,*

*LLC v. Aurora Bank FSB et al.* Case No. 2012CV6381 in the District Court, Denver, Colorado. T

he motion was denied on September 20, 2017 by Judge Edward David Bronfin.

With respect to "ALS" laches defense. The doctrine of laches is an affirmative defense

"requiring a showing of lack of diligence of plaintiff and prejudice to the defendant." *Roberts v.*

*Morton,* 549 F.2d 158 (10th Cir. 1977). See also *Costello v. United States, 365* U.S. 265, 282, 81

S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). The elements of laches in this circuit are (1) full

knowledge of the facts; (2) unreasonable delay in the assertion of available remedy; and (3)

intervening reliance by and prejudice to another. *Herald Company v. Seawell,* 472 F.2d 1081,

1099 (10th Cir. 1972). We are also of the view that laches may be established against the

government in this instance by the same showing of affirmative misconduct which makes it

subject to estoppel. See *United States v. Ruby Co.,* 588 F.2d 697, 705 n. 10 (9th Cir. 1978), *cert.*

*denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979). "[w]hen a limitation on the period

for bringing suit has been set by statute, laches will generally not be invoked to shorten the

statutory period." See *Ikelionwu v. United States,* 150 F.3d 233, 238 (2d Cir. 1998). Therefore,

Mr. Pierre did not sleep on his rights and fail to take diligent action against "ALS."

This Court should reverse the bankruptcy (sdny) court's order.

Therefore, Mr. Pierre has met his burden of proof in showing this court that his claim is

not time barred by any applicable statutes of limitations and lashes defenses. Mr. Pierre has

further proven a bases to toll the accrual date because the doctrine of equitable tolling applies to

his claim. This Court should reverse the bankruptcy court's (sdny) order and allow Claim No. 26

as a matter of law.

## II.     THE BANKRUPTCY COURT (SDNY) ABUSED ITS DISCRETION WHEN IT INCORRECTLY DETERMINED AND FOUND THAT "ALS" DID NOT VIOLATE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(K) OF THE BANKRUPTCY CODE, AND THE COLORADO BANKRUPTCY COURT DID NOT VIOLATE MR. PIERRE'S DUE PROCESS RIGHTS IN HIS CHAPTER 7 BANKRUPTCY CASE.

Mr. Pierre argues "ALS" did not follow the proper procedures in obtaining the Relief

from Stay Order in the Colorado bankruptcy court. Mr. Pierre argues the bankruptcy court (sdny)

abused its discretion when it incorrectly found and determined upon the record of the Hearing

that "ALS" did not violate the automatic stay under 11 U.S.C. § 362(k) of the Bankruptcy Code

in Mr. Pierre's Chapter 7 bankruptcy case. The found " notice, made an "offer of proof" ALS"

gave and Mr. Pierre's "failed to appear" for a hearing in the Colorado bankruptcy court. Mr.

Pierre argues this is an abuse of discretion because Mr. Pierre timely filed a response to ALS's

Verified Motion for Relief from Stay, and The Bankruptcy Court (sdny) found "ALS's" made an

"offer of proof" to the Colorado Bankruptcy judge in the absense of Mr. Pierre because he "failed

16

appear". However, the record does not specifically reveal what relevant and material evidence was offered, what was explained or what was considered by the court to move the judge to grant "ALS's" motion to lift the stay, and that "ALS" could move forward to foreclose on Mr. Pierre's property without further reply or due process from Mr. Pierre because he "failed to appear" for the hearing. The order issued fails to thoroughly outline what proof was offered, nor does the Colorado bankruptcy court provide a detailed ruling as to the court's finding of fact and conclusions of law. Other than "notice was given: "Movant made an "offer of proof" and "no response was filed". All necessary and required due process of law was not afforded to Mr. Pierre.

Based on the record facts, Mr. Pierre argues "ALS" was deficient in many aspects in regards to the contents of its Motion for Relief from Automatic Stay. Mr. Pierre further challenges the "offer of proof" to which "ALS" relies.

**The Contents of the Motion for Relief from Automatic Stay**

1.    The motion for relief from automatic stay must set forth the specific grounds upon which relief is being requested.

2.    In a motion seeking relief from automatic stay under 11 U.S.C. §362(d)(1), the movant must be specific in identifying the "cause" for granting relief from automatic stay. If the "cause" for granting relief from the automatic stay is "lack of adequate protection of an interest in property," the movant must specifically allege the nature of the inadequacy of the protection in the movant's interest in property. *See, e.g.,* 11 U.S.C. § 361 (which sets forth examples of adequate protection).

3.    In a motion seeking relief from automatic stay under 11 U.S.C. § 362(d)(2), the movant shall identify the current amount of the secured claim and unsecured portion, if any, and the amount of any other known liens against the property, the estimated value of the property

17

subject to the movant's lien, and a statement regarding how that value has been determined. The movant shall also provide, as exhibits to the motion, a statement of how the lien was established and, if by loan, a history of payments made under the loan, and payments not made, or not made in full, for the relevant time frame giving rise to the motion. The movant, if it is not the original party whose interest is secured by the lien must set forth by exhibits, affidavits, or other legally sufficient proof that it is now the proper party to enforce the lien. The movant shall also specify the reasons that the property is not necessary to an effective reorganization.

4.      The above is a predicate for the filing of a motion for relief from automatic stay so as to put the responding part(ies) on notice of the basis(es) for the relief requested. It does not supersede the burdens of proof set forth in 11 U.S.C. § 362(g), which provides that the burden of proof under 11 U.S.C. § 362(c) is as follows: (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues. *See also, In re Anthem Communities/RBG, LLC*, 267 B.R. 867 (Bankr.D.Colo. 2001).

**Responses to Motions for Relief from Automatic Stay**

1.      A response to the motion for relief from automatic stay **must** be filed within the time set forth in the motion for relief from automatic stay. In accordance with L.B.R. 401 and L.B.F. 401.1, this is within five (5) court days before the hearing on the motion for relief from automatic stay or as otherwise specified in the notice. **If there is *no* timely response to the motion for relief from the automatic stay, the hearing set on the motion for relief from automatic stay will be vacated and an order granting the relief requested may be granted without further notice or hearing.**

2.      If a response is filed, the hearing set on the notice will be a "preliminary hearing."

A final evidentiary hearing may be set thereafter if "there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." 11 U.S.C. § 362(e). Local Rule 401 contemplates the use of detailed offers of proof and no live witnesses. However, this does not mean that the Court may not dispose of the motion for relief from automatic stay at the preliminary hearing. If the offers of proof demonstrate a genuine issue of material fact, such that if the party opposing relief prevailed on the factual issue, it would cause that party to defeat the motion, then the Court will set the matter for a final evidentiary hearing and treat the initial hearing as a preliminary hearing.

      3.      If a response is filed, the parties must exchange exhibits and prospective witness lists with opposing party/counsel prior to the preliminary hearing. Failure to identify an expert witness, and to tender a list of the expert's qualifications and a written summary of the experts's expected testimony and opinions may result in the preclusion of such testimony at the final hearing on the motion for relief from automatic stay.

      4.      Relief from stay proceedings are "summary proceedings" in nature. While parties need to present detailed offers of proof at the preliminary hearing, the Court will not "finally determine" and fully dispose of all factual issues raised. It will only make summary determinations as to whether the statutory grounds for relief have been satisfied.

      The Bankruptcy Court (sdny) found "ALS's" made an "offer of proof" to the Colorado Bankruptcy judge in the absence of Mr. Pierre because he "failed to appear". However, the record does not specifically reveal what relevant and material evidence was offered, what was explained or what was considered by the court to move the court to grant "ALS's" motion to lift the stay. Mr. Pierre argues it was unfair for the Colorado bankruptcy court to allow "ALS" could move forward to foreclose on Mr. Pierre's property without further reply or due process from Mr. Pierre because he "failed to appear" for the preliminary hearing. Moreover, the order issued by

the Colorado bankruptcy court fails to thoroughly outline what proof was offered, nor does the Colorado bankruptcy court provide a detailed ruling as to the court's finding of fact and conclusions of law. Other than "notice was given: "Movant made an "offer of proof" and "no response was filed". Due process was not afforded to Mr. Pierre.

Therefore, (1) the Colorado bankruptcy court's order ("Lift Order") granting "ALS's" Motion for Relief from Automatic Stay should be voided for errors and violations of Mr. Pierre's due process rights; and (2) because the Colorado bankruptcy court's Lift Order is void, and therefore the Colorado bankruptcy's Order granting relief is also void because it violates the automatic stay in Mr. Pierre's bankruptcy case.

**III.     THE BANKRUPTCY COURT'S (SDNY) ORDER DISALLOWING AND EXPUNGING CLAIM NO. 26 IN ITS ENTIRETY SHOULD BE REVERSED AND CLAIM NO. 26 SHOULD BE ALLOWED.**

## CONCLUSION

For the foregoing reasons, the Appellant respectfully request this Court reverse the Bankruptcy Court's Order Sustaining Debtors' Objection to Proof of Claim No. 26 filed by Gerard Pierre disallowing and expunging the claim in its entirety. The Court should grant such other and further relief as the Court deems just and proper.

Gerard M. Pierre (*pro se*)
200 Rampart Way #366
Denver, CO 80230
Telephone: (303) 838-8681
Email: gerardpierre703@gmail.com

By:_____
Gerard M. Pierre
Appellant

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opening Brief of Appellant was served on opposing counsel and the Clerk of Court, United States District Court For the Southern District of New York on this 9th day of January 2020 by U.S. First Class mail.

Gerard M. Pierre

TOGUT, SEGAL & SEGAL LLP
ALBERT TOGUT
FRANK A. OSWALD
KYLE J. ORTIZ
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street
New York, NY 10007
(212) 805-0136

## CERTIFICATE OF COMPLIANCE

I certify that this brief was typed in 12-point Times New Roman font.

Gerard M. Pierre (*pro se*)
200 Rampart Way #366
Denver, CO 80230
Telephone: (303) 838-8681
Email: gerardpierre703@gmail.com

By:_____
Gerard M. Pierre