**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**GERARD PIERRE,**

                   **Appellant,**

      **- against -**

**AURORA COMMERCIAL CORP.,**

                   **Appellee.**
_____

**19-cv-11207 (JGK)**

**MEMORANDUM OPINION AND**
**ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se appellant, Gerard M. Pierre, appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Chapman, J.) disallowing and expunging his proof of claim. In his proof of claim, Pierre alleges principally that the United States Bankruptcy Court for the District of Colorado (the "Colorado bankruptcy court") erred in several ways during a proceeding in 2009 in which Pierre had filed for Chapter 7 bankruptcy. In the action below, the Bankruptcy Court for the Southern District of New York (the "New York bankruptcy court") held that Pierre's claims that he was denied due process in the Colorado bankruptcy court and that the Colorado bankruptcy court erred when it lifted the automatic bankruptcy stay with respect to a foreclosure proceeding involving Pierre lacked merit in addition to being time barred. For the following reasons, the order of the bankruptcy court is **affirmed.**

1

## I.

Pierre's claims in the New York bankruptcy court relate to a dispute first adjudicated in the Colorado bankruptcy court in connection with property located at 10176 Park Meadows Drive #2405 in Lone Tree, Colorado ("the property"). In November 2005, Pierre executed a note and a deed of trust in favor of Universal Lending Corporation. The deed of trust identified the property as the security interest and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Darnell Decl. (Part A) ¶ 4, ECF No. 10-4. The deed of trust was recorded on January 30, 2006 in the official records of Douglas County as document 2006008173. Id. Servicing rights were then transferred from MERS to Aurora Loan Services LLC ("ALS") shortly after origination. Id. ¶ 5. ALS is a wholly owned subsidiary of the appellee in this action, Aurora Commercial Corp. ("ACC"). ECF No. 7. ACC is owned in its entirety by Lehman Brothers Bancorp, Inc. Id.

On February 3, 2009, Pierre filed for Chapter 7 bankruptcy protection in the Colorado bankruptcy court. In re Gerard Michael Pierre, No. 09-11527-HRT (Bankr. D. Colo. 2009). On February 17, 2009, ALS, as the owner of the note, filed a motion for relief from the automatic bankruptcy stay, arguing that Pierre's failure to make five monthly payments in connection with the note in addition to his lack of equity in the property entitled it to such relief under the Federal Bankruptcy Code.

2

ECF No. 10-7, at 24-25. The Colorado bankruptcy court held a
hearing on the motion on March 17, 2009, at which time ALS made
an offer of proof and Pierre failed to appear. ECF No. 10-10, at
6. The Colorado bankruptcy court then entered an order granting
ALS relief from stay, which provided that ALS could "exercise
its rights and remedies under [Colorado] state law, including
the ability to foreclose," regarding the property. Id. at 7.
Pierre received a bankruptcy discharge in June 2009, and ALS
subsequently foreclosed on the property in September 2009.
Darnell Decl. (Part A) ¶¶ 7-8.

    In June 2014, Pierre, proceeding pro se, filed a complaint
against ACC, ALS, and various other entities, individuals, and
public officials in the United States District Court for the
District of Colorado in which he asserted fifteen claims of
relief. See Pierre v. Aurora Loan Servs., LLC, No. 14-cv-01572-
BNB, 2014 WL 11269955, at *2 (D. Colo. Sept. 8, 2014). After
twice requesting that Pierre amend his complaint to comply with
the pleading requirements of the Federal Rules of Civil
Procedure, the district court dismissed the complaint sua sponte
and without prejudice under Federal Rule of Civil Procedure
41(b). Id. Pierre appealed the order to the Tenth Circuit Court
of Appeals, which affirmed the dismissal. See Pierre v. Aurora
Loan Servs., LLC, 602 F. App'x 410, 411 (10th Cir. 2015). The
Tenth Circuit Court of Appeals denied a petition for rehearing

3

en banc in March 2015. Darnell Decl. (Part C) Ex. 10, at 141, ECF No. 10-6.

Pierre subsequently filed a motion to intervene in an unrelated action in Colorado state court involving ALS, which that court denied in September 2017. ECF No. 10-7, at 40.

In March 2019, ACC declared Chapter 11 bankruptcy in the New York bankruptcy court. In June 2019, Pierre filed a proof of claim for personal injury in the ACC bankruptcy proceedings, alleging fraud and malicious injury in connection with the 2009 Colorado bankruptcy court proceeding that he alleges ultimately resulted in a violation of the original automatic stay. ECF No. 10-2.

In his claim before the New York bankruptcy court, Pierre alleged that he suffered injuries as a result of alleged fraudulent practices engaged in by ALS that he asserts led to the Colorado bankruptcy court's order granting ALS relief from stay. Id. at 11-12. Pierre alleged that, between April and June of 2013, he discovered irregularities in ALS's mortgage servicing and foreclosure practices when he received notice from the Comptroller of the Currency and $300 in compensation in connection with such practices. See Tr. of 10/23/19 Hr'g, at 15, ECF No. 10-9. Pierre also alleged that, in July 2013, he came across a local news article regarding federal sanctions against Toni M.N. Dale of Medved Dale Decker & Deere, the attorney who

4

initiated the foreclosure action against the property, in connection with another foreclosure proceeding in Colorado. See id.

The appellee objected to Pierre's proof of claim. ECF No. 10-3. In an October 2019 hearing, at which Pierre appeared telephonically, the New York bankruptcy court sustained the objection and disallowed and expunged the proof of claim in an oral ruling. ECF No. 10-10. In a written ruling issued on November 13, 2019, the New York bankruptcy court expanded on the reasons for disallowing and expunging the proof of claim. Specifically, the bankruptcy court noted that the claim was time barred by any applicable statutes of limitations and the doctrine of laches. Id. at 4. The New York bankruptcy court further held that there was no violation of the automatic stay by ALS or any denial of Pierre's due process rights in connection with the Colorado bankruptcy court proceeding. Id. at 3-4. The court cited the March 2009 stay relief order by the Colorado bankruptcy court as evidence that ALS had not violated the automatic stay when it foreclosed on the property in September 2009. Id. at 4. In addition, the court noted that because the record from the Colorado bankruptcy court indicated that Pierre received notice and the opportunity to appear at a

hearing, there was no violation of his due process rights in the Colorado bankruptcy court proceeding. Id. at 3-4.[1]

On December 4, 2019, Pierre filed a notice of appeal with the New York bankruptcy court and at the same time filed a motion for an extension of time to file a notice of appeal in that court. In re Aurora Commercial Corp., No. 19-11207 (S.D.N.Y. Dec. 6, 2019), ECF No. 1.

## II.

This appeal is timely because the New York bankruptcy court has granted the appellant's request to extend the time to appeal.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to "be filed with the bankruptcy clerk within fourteen days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a).[2] Compliance

---

[1] At various points in the papers, both Pierre and ACC discuss a potential claim that Pierre brought under 42 U.S.C. § 1983. This issue was not raised in the bankruptcy court, and therefore Pierre has forfeited the issue. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005). In any event, there is no plausible allegation ALS acted "under the color of state law" in prosecuting its motion to lift the stay in the Colorado bankruptcy court or by foreclosing on Pierre's properly. See Mbaku v. Bank of Am. Nat'l Ass'n, 628 F. App'x 968, 974 (10th Cir. 2015) (finding no Section 1983 liability because a "bank is not a state actor subject to liability under 42 U.S.C. § 1983" and there is no allegation that that the bank "act[ed] with state officials" in connection with the foreclosure).

[2] Rule 8002(a) is codified at 28 U.S.C. § 158(c)(2), which provides that appeals from the bankruptcy courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." See In re Indu Craft, 749 F.3d 107, 114-15 (2d Cir. 2014) (internal quotation marks omitted).

with Rule 8002(a) is jurisdictional, and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal." In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam). An appellant may, before the time to appeal has expired, file a written motion with the bankruptcy court seeking to extend the time to file a notice of appeal, either within the specified fourteen-day period or within twenty-one days after that time if the appellant can demonstrate excusable neglect. Fed. R. Bankr. P. 8002(d)(1).

The bankruptcy court did not initially rule on Pierre's motion for an extension of time to appeal when the motion was filed on December 4, 2019. Following a limited remand from this Court for the purposes of deciding Pierre's motion for an extension of time to appeal, the bankruptcy court granted Pierre's motion for an extension of time. ECF Nos. 15, 16. The bankruptcy court found that Pierre had established excusable neglect pursuant to Bankruptcy Rule 8002(d)(1)(B), and that the time to appeal the bankruptcy court's order should therefore be extended to December 4, 2019. ECF No. 16.[3] Because the bankruptcy court has now granted Pierre's motion for an extension of time

---

[3] The bankruptcy court also found that, in the alternative, Pierre's notice of appeal shall be deemed timely filed. ECF No. 16, at 6. Because the bankruptcy court granted Pierre's motion for an extension of time to appeal through December 4, 2019, the appeal was timely filed.

to file a notice of appeal through December 4, 2019, Pierre's notice of appeal filed on December 4, 2019 is timely. Therefore, this Court has jurisdiction to hear this appeal.

### III.

The Court therefore turns to the order of the bankruptcy court. This Court reviews the bankruptcy court's factual findings for clear error, and its legal conclusions de novo. See In re Residential Capital, 519 B.R. 606, 612 (S.D.N.Y. 2014).

### A.

The bankruptcy court did not err in finding that Pierre's claims in relation to the 2009 stay relief order of the Colorado bankruptcy court would be time barred by "any applicable statutes of limitation and the doctrine of laches." ECF No. 10-10, at 4. Further, there is no basis for equitable tolling in this case.

It is first necessary to identify Pierre's alleged claims. In his draft complaint attached to the proof of claim, Pierre initially asserted claims based on fraud and malicious injury as an exception to discharge pursuant to the Bankruptcy Code, 11 U.S.C. § 523(a)(4), (a)(6). ECF No. 10-2. However, Pierre has abandoned any claims based on fraud and malicious injury. See ECF No. 10-7 ¶ 33. The New York bankruptcy court treated Pierre's claims as raising "a variety of legal theories for liability all based on ALS's 2009 foreclosure of [the]

8

property." ECF No. 10-10, at 2. Specifically, the New York bankruptcy court identified two separate possible claims raised by Pierre: that ALS violated the automatic stay in the Colorado bankruptcy court proceeding when it foreclosed on the property, in violation of 11 U.S.C. § 362(k); and that the Colorado bankruptcy court denied Pierre procedural due process when it lifted the automatic stay.

It is undisputed that the events underlying Pierre's claims took place in 2009. The bankruptcy court stated that the claims were "barred by any applicable statutes of limitation and the doctrine of laches," without specifying which statute of limitations applied to Pierre's claims. ECF No. 10-10, at 4.

Pierre's claim that ALS violated the automatic stay pursuant to Section 362(k) of the Bankruptcy Code is barred by the applicable statute of limitations. The Second Circuit Court of Appeals has not determined the proper statute of limitations for a claim for a violation of a bankruptcy stay under Section 362(k). When faced with congressional silence, states will ordinarily "borrow" the most analogous statute of limitations, usually from state law.[4] S.E.C. v. Tandem Mgmt. Inc., No. 95-cv-

---

[4] The exception to this practice is for federal causes of action made possible by a post-1990 enactment by Congress, in which case courts must apply 28 U.S.C. § 1658, the catchall 4-year statute of limitations for actions arising under federal statutes. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). Section 362(h) was enacted in 1984 and subsequently re-designated as Section 362(k) in 2005. In re Stanwyck, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011). Thus, Pierre's cause of action under Section 362(k) is made possible

8411, 2001 WL 1488218, at *5 (S.D.N.Y. Nov. 21, 2001); <u>see also</u> <u>In re Bernheim Litig.</u>, 290 B.R. 249, 260 (D.N.J. 2003) (applying New Jersey's six-year statute of limitations for tort actions to claims brought under Section 362 where the gravamen of the action lay in non-bankruptcy law).

In this case, the underlying substance of Pierre's claim is based on a variety of theories related to personal injury suffered as a result of the alleged violation of the automatic stay. It is appropriate in this case to apply the statute of limitations for tort actions in Colorado, which provides for a limitations period of two years.[5] C.R.S. § 13-80-102. The conduct at issue occurred in 2009, a decade prior to Pierre's submission of a proof of claim and related complaint in the ACC bankruptcy proceedings. Thus, the claim alleging a willful violation of the automatic stay is time barred.

Second, Pierre's claim that he was deprived of procedural due process in the Colorado bankruptcy court proceeding is also subject to the Colorado statute of limitations for tort actions. <u>Cf.</u> <u>Van Tu v. Koster</u>, 364 F.3d 1196, 1198 (10th Cir. 2004) (applying a state statute of limitations to a claim brought

---

by the 1984 enactment and its accrual is not governed by the statute of limitations for post-1990 enactments.

[5] The New York bankruptcy court below did not specify what the appropriate statute of limitations should be applied to Pierre's claims in this case. In any event, the bankruptcy court is certainly correct that both claims are "barred by any applicable statutes of limitations."

10

under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)). For the same reasons discussed above, Pierre's alleged deprivation of procedural due process, which also occurred in 2009 during the Colorado bankruptcy court proceeding, is also barred by the Colorado statute of limitations for tort actions.

Pierre asserts that the accrual of his claims should be determined by reference to the discovery rule. Under the discovery rule, a claim accrues when the litigant first knows or with due diligence should know facts that form the basis for the plaintiff's action. <u>See</u> <u>Merck & Co. v. Reynolds</u>, 559 U.S. 633, 646 (2010). "Even where a federal court borrows a state statute of limitations, [f]ederal law governs the question of when a federal claim accrues." <u>M.D. v. Southington Bd. of Educ.</u>, 334 F.3d 217, 221 (2d Cir. 2003) (alteration in original and internal quotation marks omitted). Under federal law, "a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." <u>Guilbert v. Gardner</u>, 480 F.3d 140, 149 (2d Cir. 2007) (internal quotation marks omitted).

Pierre alleges that he discovered the injury in question by July 2013 at the latest. In 2013, he allegedly received a check for $300 in connection with a settlement agreement related to "deficient mortgage servicing and foreclosure practices," which

11

allegedly alerted him to wrongdoing by ALS in connection with his own deed of trust. Pierre also points to a July 31, 2013 article in The Denver Post regarding federal sanctions against Toni M.N. Dale, the attorney who initiated the foreclosure action against Pierre's property, for misrepresenting documents in another proceeding. Pierre does not explain the connection between these events in 2013 and his claims arising from the events in 2009, namely the alleged violation of the automatic stay and Pierre's alleged lack of procedural due process in the bankruptcy proceeding when the Colorado bankruptcy court lifted the automatic stay.

In any event, using the 2013 events as the date to begin the running of the statute of limitations would not save Pierre's claims because the claims would still be barred by the two-year statute of limitations for tort actions in Colorado; Pierre did not bring his claims in this action until 2019.

The bankruptcy court also correctly noted that Pierre's claims are barred by the doctrine of laches. Laches "is an equitable defense that requires proof of lack of diligence by the party against whom the defense is asserted, and prejudice to the party asserting the defense." Hizam v. Kerry, 747 F.3d 102, 110-11 (2d Cir. 2014). A judicial finding of laches is reviewed for abuse of discretion. See Leopard Marine & Trading, Ltd. v. Easy St. Ltd., 896 F.3d 174, 194 (2d Cir. 2018).

The New York bankruptcy court did not abuse its discretion in applying the doctrine of laches to Pierre's claims. The significant delay in Pierre's assertion of claims for relief in connection with the alleged violation of the automatic stay until 2019 amounts to a lack of diligence, and such a delay would plainly prejudice the appellee. Thus, Pierre's claims in this action are barred by the doctrine of laches. See Dickey v. Alcoa S.S. Co., Inc., 641 F.2d 81, 82-83 (2d Cir. 1981) (per curiam) (finding that laches barred a claim brought after ten years where there was no "substantial excuse for [the] delay" and where the party seeking to defeat application of laches had "failed to establish lack of prejudice to defendants as a consequence of his delay a showing on which he also bore the burden of persuasion.").

Finally, Pierre asserts that the Court should equitably toll the statute of limitations. To be entitled to equitable tolling of a statute of limitations, a litigant must establish: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." See Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755 (2016) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Pierre argues that the series of cases he initiated in relation to the 2009 foreclosure proceedings in the United States District Court for

13

the District of Colorado beginning in 2014 demonstrates diligent pursuit of his rights.

However, that litigation only serves to underscore that there were no extraordinary circumstances that prevented Pierre from timely filing the claims that he now asserts in this action. Moreover, Pierre fails to account for the years between 2009, when he first was on clear notice about the foreclosure proceedings, and 2014, when he initiated litigation in the Colorado district court. By any measure, Pierre has failed to demonstrate that he previously acted with diligence in pursuing the claims that he asserted in the New York bankruptcy court. Pierre's argument that the statute of limitations should be equitably tolled is therefore without merit.

**B.**

In any event, the bankruptcy court correctly found that Pierre's claims that ALS violated the automatic stay in the Colorado bankruptcy proceeding and that Pierre was denied procedural due process in that proceeding lacked merit.

The bankruptcy court did not err in finding that there was no willful violation of the automatic stay pursuant to Section 362(k) of the Bankruptcy Code when ALS foreclosed on and sold Pierre's property in September 2009.

Under the Bankruptcy Code, "an individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). The statute requires the debtor to prove that "(1) the offending party violated the automatic stay; (2) the violation was willful; and (3) that the willful violation caused the debtor an injury." In re Crowder, No. 16-20440, 2016 WL 3453214, at *2 (Bankr. W.D.N.Y. June 16, 2016) (internal quotation marks omitted).

The Colorado bankruptcy court granted ALS relief from the automatic bankruptcy stay in Pierre's chapter 7 proceedings in March 2009. ECF No. 10-10. The order provided that ALS could "exercise its rights and remedies under [Colorado] state law, including the ability to foreclose," regarding the property. Id. at 7. Given that order, there was plainly no violation of the automatic stay, let alone a willful violation, when ALS subsequently foreclosed on and sold the property in September 2009 as expressly permitted by the order of the Colorado bankruptcy court.

The bankruptcy court was also correct in finding that Pierre was not denied due process during the stay relief proceeding in the Colorado bankruptcy court. It is well established that to satisfy due process during any proceeding, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

15

the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also, e.g., In re Grumman Olson Indus., Inc., 467 B.R. 694, 706 (S.D.N.Y. 2012) ("The notice requirements of bankruptcy law are 'founded in fundamental notions of procedural due process.'") (quoting In re Savage Indus., Inc., 43 F.3d 714, 721 (2d Cir. 1994)). In the case of a motion for relief from stay under Section 362, the motion may be granted "after notice and a hearing." 11 U.S.C. § 362(d).

The record clearly establishes that ALS gave notice of the motion for stay relief, to which Pierre did not respond. ECF No. 10-10. The record also establishes that an evidentiary hearing was held on March 17, 2009, at which ALS made an offer of proof and Pierre failed to appear. Id. at 6. Pierre received notice of the hearing to lift the stay and Pierre had an opportunity to appear at the hearing in compliance with Section 362(d). Therefore, Pierre  was not deprived of due process. See, e.g., In re Melton, No. 8-11-70984-REG, 2011 WL 1600506, at *4 (Bankr. E.D.N.Y. Apr. 27, 2011).

Accordingly, the bankruptcy court did not err in sustaining the appellee's objection and quashing Pierre's proof of claim.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the

16

remaining arguments are either moot or without merit. The order of the bankruptcy court sustaining the appellee's objection and quashing Pierre's proof of claim is **affirmed.** The Clerk is directed to close all pending motions and to close this case. Chambers will mail a copy of this opinion to the <u>pro se</u> appellant.

**SO ORDERED.**

Dated:    New York, New York
          July 24, 2020                   _____/s/ John G. Koeltl ____
                                       John G. Koeltl
                       United States District Judge